## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES OF THE CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION,<br><br>        Plaintiffs,<br>v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; SECRETARY OF COMMERCE HOWARD LUTNICK, in his official capacity; JENNIFER QUAN, Regional Administrator, NOAA Fisheries West Region, in her official capacity; BUREAU OF INDIAN AFFAIRS; SECRETARY OF THE INTERIOR DOUGLAS BURGUM, in his official capacity,<br><br>        Defendants. | No. 2:26-cv-00061-TOR |

### Motion to Expedite Consideration of Plaintiffs' Motion for Emergency Temporary Restraining Order (ECF No. 13)

The Confederated Tribes of the Colville Reservation and the Confederated Tribes of the Chehalis Reservation (together "Plaintiff Tribes" or "Tribes") respectfully move to expedite consideration of their Motion for Emergency Temporary Restraining Order, ECF No. 13, filed March 2, 2026.

As stated in the Motion for Emergency TRO and based on information from Defendants' counsel, Defendant Bureau of Indian Affairs ("BIA") intends to issue

1

award letters of Inflation Reduction Act tribal hatchery grant funds to other tribes "no sooner" than March 6, 2026, this Friday. Plaintiff Tribes respectfully request a ruling on the motion (ECF No. 13) by then (with or without intervening oral argument, at the Court's discretion).

Because the motion, supporting memorandum (ECF No. 16), and supporting affidavits Exs. 7-8 (in ECF No. 16-1) demonstrate that the Plaintiff Tribes will suffer immediate and irreparable harm if the BIA issues award letters for ***all*** of the $184 million BIA has said is available, Plaintiff Tribes seek expedited consideration of the emergency TRO to prevent issuance of award letters for more than $162 million, presumably only for a very short time until the Court can consider the Motion for Temporary Restraining Order (ECF No. 14). To be clear, the temporary relief sought would not preclude the BIA from issuing award letters but would only require that the BIA not award more than $162 million of the $184 million available, leaving $22 million (the maximum amount the Plaintiff Tribes could receive if they are allowed to apply and their applications are fully successful).

The Plaintiff Tribes filed the three motions in order to give the Court maximum flexibility in determining how to proceed with consideration of temporary and preliminary injunctive relief, and the Tribes have attempted to narrowly tailor and sequence the requested relief to protect the Tribes' rights while also minimizing the effects on the grant program itself. The Tribes' goal is to preserve the status quo

1  and prevent the immediate and irreparable harm that issuance of "full amount" award
2  letters by BIA would cause, but only until the Court is able to consider the Motion
3  for Preliminary Injunction (ECF No. 15).[1]  The preliminary injunction would, if
4  granted, allow the Plaintiff Tribes to apply for the NOAA/BIA grant funds.

5  Defendants state their position on this motion as follows:  "Defendants defer
6  to the Court on its availability for Defendants' "Emergency" Temporary Restraining
7  Order challenging an eligibility decision made two years ago. With the
8  understanding the Plaintiffs' motion may very well be moot on Friday and if the
9  Court intends to rule on Friday, Defendants respectfully request the Court allow it
10 until end of day March 5, 2026, to explain, among other things, the potential harm
11 to 27 eligible tribes if there is any withholding or delay in funding awards."

12 Plaintiff Tribes respectfully request that the Court grant this motion and
13 expedite consideration of the Motion for Emergency Temporary Restraining Order
14 to enjoin the BIA from issuing award letters or otherwise committing more than
15 $162 million of the $184 million available.

---

[1] The Plaintiff Tribes understand that temporary restraining orders are generally limited to fourteen days, Fed. R. Civ. P. 65(b)(2), and therefore that the consideration of the Motion for Preliminary Injunction must also be expedited if the Court grants both (or one) of the TRO motions.  However, the Plaintiff Tribes only seek to expedite ECF No. 13 at this time to preserve the Court's latitude in addressing the three motions in the manner it deems best.

3

Dated: March 4, 2026

Attested and respectfully submitted,

/s Thomas J. Peckham
Thomas J. Peckham
Nordhaus Law Firm LLC
6739 Academy Rd. NE, Ste. 256
Albuquerque, NM 87109
(505) 243-4275
tpeckham@nordhauslaw.com
*Counsel for the Plaintiff Tribes*
*(admitted pro hac vice)*


And signed by local counsel as required by local rule:

| | |
|---|---|
| /s Robbi Kesler | /s Marty Raap |
| Robbi Kesler | Marty Raap |
| Lead Attorney | Managing Attorney |
| Confederated Tribes | Office of Reservation Attorney |
|   of the Chehalis Reservation | Confederated Tribes |
| 420 Howanut Rd. |   of the Colville Reservation |
| Oakville, WA 98568 | 21 Colville St. |
| telephone: (360) 709-1835 | Nespelem, WA 99155 |
| *Counsel for the Confederated* | (509) 634-2381 |
|   *Tribes of the Chehalis Reservation* | *Counsel for the Confederated* |
| |   *Tribes of the Colville Reservation* |

CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, Plaintiff's counsel electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that I have mailed by United States Postal Service the document and the related proposed order to the following non-CM/ECF participants:

None:  All Defendants are now represented by registered CM/ECF users.


 /s Thomas J. Peckham
Thomas J. Peckham