<span style="color:red">**PLAINTIFFS' EXHIBIT 9**</span>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CONFEDERATED TRIBES OF THE COLVILLE RESERVATION; CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION,<br><br>      Plaintiffs,<br>  v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; SECRETARY OF COMMERCE HOWARD LUTNICK, in his official capacity; JENNIFER QUAN, Regional Administrator, NOAA Fisheries West Region, in her official capacity; BUREAU OF INDIAN AFFAIRS; SECRETARY OF THE INTERIOR DOUGLAS BURGUM, in his official capacity.<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:26-cv-00061-SAB |

### Second Declaration of Charles Brushwood

I, Charles Brushwood, declare under penalty of perjury that the following facts and observations, except where noted to be based on reasoned information and belief, are true and correct:

1

1.  I serve as a Senior Policy Advisor/Policy Division Manager for the Fish and Wildlife Program of the Confederated Tribes of the Colville Reservation ("Colville Tribes" or "Colville"). In that role, I advise the Program Director and key staff on fish and wildlife policy, funding, and program implementation, including hatchery operations and salmon recovery efforts.

2.  I began working for the Colville Tribes as a Fish and Wildlife Policy Analyst in May of 2009. In that role my responsibilities included, among other things, assisting with regulatory compliance and permitting for the Chief Joseph Hatchery Program, specifically including water rights permitting.

3.  In my position, I routinely interact with federal agencies, including NOAA Fisheries ("NOAA"), on issues relating to Columbia Basin salmon management, hatcheries, and tribal rights and interests.

4.  I have personal knowledge of the facts to which I testify. Where opinions are stated, such opinions are: based on my knowledge, training, and/or experienced; based on information that I have personally observed/obtained or have a reasonable basis to believe is true; and are stated on a more probable than not basis.

5. I have reviewed the response filed by the Defendants in this case yesterday, including the Defendants' assertion that the standard used by NOAA to determine which tribes would be eligible to apply for IRA tribal hatchery grant funding comes from an interagency agreement between NOAA Fisheries and the BIA and is:

> Federally recognized tribes that have a Pacific salmon or steelhead hatchery facility or interest in a Pacific salmon or steelhead hatchery facility that needs maintenance and/or modernization, and where an allocation of funds for that facility would contribute to the exercise of tribal salmon fishing in four significant tribal salmon fisheries, the US v. Oregon, US v. Washington, Klamath/Trinity, and Metlakatla fisheries.

6. The Confederated Tribes of the Colville Reservation meets this standard because Colville has a Pacific salmon or steelhead hatchery, the Chief Joseph Hatchery (CJH), that needs maintenance and modernization.

7. And specifically, the salmon produced at CJH migrate through Zone 6, where they can be and are harvested by the *U.S. v Oregon* tribes.

8. Therefore, the Colville Tribes "contribute to the exercise of tribal salmon fishing in the *U.S. v. Oregon* fishery.

9. Until Defendants produced the interagency agreement yesterday, I had not seen it, specifically the provision quoted above, or any other written description of any criteria used by NOAA and/or the BIA to determine tribal eligibility for the IRA tribal hatchery grant funds.

I declare under penalty of perjury that the foregoing is true and correct.

March 6, 2026

*[signature]*

Charles Brushwood
Senior Policy Advisor/Policy Division Manager
Department of Fish & Wildlife
Confederated Tribes of the Colville Reservation