Case 2:26-cv-00061-SAB    ECF No. 27    filed 03/09/26    PageID.1258    Page 1 of 5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 09, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES OF THE COLEVILLE RESERVATION, and CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, SECRETARY OF COMMERCE HOWARD LUTNICK, in his official capacity, JENNIFER QUAN, Regional Administrator NOAA Fisheries West Region, in her official capacity, BUREAU OF INDIAN AFFAIRS, and SECRETARY OF THE INTERIOR DOUGLAS BURGUM, in his official capacity,<br><br>    Defendants. | No. 2:26-CV-00061-SAB<br><br>**ORDER DENYING PLAINTIFFS' MOTIONS FOR EMERGENCY TEMPORARY RESTRAINING ORDER** |

**ORDER DENYING PLAINTIFFS' MOTIONS FOR TEMPORARY RESTRAINING ORDER** *1

Before the Court are Plaintiffs' Emergency Motion for Temporary Restraining Order, ECF No. 13, related Motion to Expedite, ECF No. 20, and Motion for Temporary Restraining Order, ECF No. 14. Plaintiffs are represented by Thomas P. Peckham, Marty M. Raap, and Robbi M. Kesler. Defendants are represented by Joseph P. Derrig and Derek T. Taylor. The Motions were considered without oral argument.

Section 40001 of the Inflation Reduction Act (IRA) allocated $2.6 billion to The National Oceanic and Atmospheric Administration (NOAA) "for the conservation, restoration, and protection of coastal and marine habitats, resources, Pacific salmon and other marine fisheries." Inflation Reduction Act of 2022, Pub. L. No. 117-169, § 40001(a), 136 Stat 1818, 2028-29. $184 million of these funds have been allotted for competitive grants to support tribal salmon hatchery projects in the Northwest region. The relevant IRA section does not specify how NOAA should allocate these funds beyond that the funds should be directed to "Tribal Governments" for salmon hatchery projects. NOAA and the Bureau of Indian Affairs (BIA) have an agreement in which BIA ultimately handles and disburses the grant funds. Eventually, NOAA decided grant funding would be limited to tribes that meet the following criteria:

> Federally recognized tribes that have a Pacific salmon or steelhead hatchery facility or interest in a Pacific salmon or steelhead hatchery facility that needs maintenance and/or modernization, and where an allocation of funds for that facility would contribute to the exercise of tribal salmon fishing in four significant tribal salmon fisheries, the US v. Oregon, US v. Washington, Klamath/Trinity, and Metlakatla fisheries.

According to NOAA, the Plaintiff Tribes do not meet the defined criteria, which is not disputed by Plaintiffs. In April 2024, NOAA informed Plaintiffs they would not be included on the list of tribes eligible to apply for the grants.

According to Plaintiffs, BIA intends to issue award letters of grant funds to other tribes "no sooner" than March 6, 2026. Accordingly, Plaintiffs requested the

**ORDER DENYING PLAINTIFFS' MOTIONS FOR TEMPORARY RESTRAINING ORDER *2**

Court grant an emergency temporary restraining order enjoining BIA from disbursing $22 million of these grant funds, which represents the maximum funding that could be granted to Plaintiffs if it is determined they are eligible to apply for funding and their applications are accepted.

In their response, Defendants assert the decision to limit grant funding opportunities to the list of 27 tribes was committed to agency discretion. Defendants assert the decision to limit the applicant pool was based on the need to direct funding to projects supporting fisheries in certain geographic regions, which the Plaintiff Tribes do not work in. Further, the amount of funding available for these projects is limited, and NOAA determined the number of eligible tribes needed to be reduced for the grants to be more effective.

The standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Preliminary injunctions and temporary restraining orders are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To successfully move for a temporary restraining order, the moving party must establish: (1) the likelihood that the movant will succeed on the merits, (2) the movant is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities tips in the movant's favor, and (4) the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25 (2008).

The Administrative Procedure Act (APA) provides a right of judicial review to any person adversely affected by agency action. 5 U.S.C. § 702. The APA further provides that a court "shall… hold unlawful and set aside agency action, findings, and conclusions found to be… arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). For an agency action to be reviewable by a court, it must be a "final agency action" which

**ORDER DENYING PLAINTIFFS' MOTIONS FOR TEMPORARY RESTRAINING ORDER \*3**

is defined as an action that "mark[s] the consummation of the agency's decisionmaking process" and is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 808 (2024). The arbitrary and capricious standard is a deferential and narrow standard of review under which an agency decision will be upheld unless there is no rational connection between the facts found and the conclusions made. *San Luis & Delta-Mendota Water Authority v. Locke*, 776 F.3d 971, 994 (9th Cir. 2014).

Here, the Plaintiff Tribes assert NOAA's decision to exclude them from the list of 27 pre-selected tribes eligible for salmon hatchery grant funding violates §706 of the APA as the agency has failed to provide any legitimate reasoning or justification for the exclusion. NOAA asserts the decision to limit the list of eligible tribes was done to promote the efficacy of grant funds and support projects within four geographically defined "significant tribal fisheries."

The Plaintiff Tribes do not meet the standard for injunctive relief as they are unlikely to succeed on the merits of their APA claims. The relevant IRA section committed the distribution of funding for tribal salmon hatchery projects to NOAA's discretion. NOAA's purported reasons behind limiting the list of tribes eligible for these grant funds is rationally connected to the purpose of the grant opportunity. As judicial review of agency decision-making is narrow in scope and there is no clear evidence supporting the conclusion that Defendants acted beyond the discretion afforded to them through the IRA, Plaintiffs fail to meet the standard for injunctive relief.

Further, the timing of this suit and Plaintiffs' request for injunctive relief does not support Plaintiffs' contention of irreparable harm in the absence of judicial intervention. The Plaintiff Tribes have known since at least April 2024 that they would not be included on the list of 27 pre-selected tribes that would be

**ORDER DENYING PLAINTIFFS' MOTIONS FOR TEMPORARY RESTRAINING ORDER *4**

eligible to apply for the salmon hatchery grant funding. However, Plaintiffs waited until March 2, 2026, to seek injunctive relief. Bringing this action at this time and moving the Court to halt disbursement of grant awards to a number of other tribes does not tip the balance of equities in the Plaintiff Tribes' favor. By failing to bring an action for injunctive relief earlier, Plaintiffs "demonstrate a lack of need for speedy action," and fail to support claims of irreparable harm. *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984); *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Expedite, ECF No. 20, is **GRANTED**.

2. Plaintiffs' Motion for Emergency Temporary Restraining Order, ECF No. 13, is **DENIED**.

3. Plaintiffs' Motion for Temporary Restraining Order, ECF No. 14, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 9th day of March 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFFS' MOTIONS FOR TEMPORARY RESTRAINING ORDER *5**