Todd Blanche
Acting Attorney General
Joseph P. Derrig
Derek T. Taylor
Assistant United States Attorneys
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES OF THE COLVILLE RESERVATION; CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; SECRETARY OF COMMERCE HOWARD LUTNICK, in his official capacity; JENNIFER QUAN, Regional Administrator, NOAA Fisheries West Region, in her official capacity; BUREAU OF INDIAN AFFAIRS; SECRETARY OF THE INTERIOR DOUGLAS BURGUM, in his official capacity, <br><br> Defendants. | Case No. 2:26-cv-00061-RLP <br><br> DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT |

Defendants respond to Plaintiffs' Complaint (ECF No. 1) as follows:

1. Plaintiffs allege Defendants violated the Indian Reorganization Act

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT - 1

("IRA), 25 U.S.C. § 5123(f), the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), and violated trust responsibilities to Plaintiffs. ECF No. 1 at pp. 1-62 (Compl. ¶¶ 1-224). Defendant NOAA executed its decision regarding the $240 million in hatchery funding on March 29, 2024.

2.    Plaintiffs brings their claims, and assert the Court has jurisdiction, under the APA, 5 U.S.C. § 706(2)(A). ECF No. 1 at p. 5. Under the APA, the Court's task is not to find facts, but to review the administrative record that was before the federal agency at the time it made the challenged decision to determine whether, as a matter of law, the record supports the agency's decision or whether the agency's decision is arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). The Ninth Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of agency action is limited to the administrative record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998) ("[J]udicial review of an agency decision not to issue an [environmental impact statement] is generally limited to review of the administrative record at the time the decision was made." (citing *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986))).

3.    Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures – such as Answers to Complaints – used to find facts and resolve civil actions within the original

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT - 2

jurisdiction of the federal district courts. *See, e.g., Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA); Fed. R. Civ. P. 26(a)(1)(B) (listing "an action for review on an administrative record" as a "Proceeding[] Exempt from Initial Disclosure").

4.      The Eastern District of Washington has adopted Civil Local Rule 1, which provides that the local procedures for the Eastern District of Washington are intended to be consistent with the Federal Rules of Civil Procedure.

5.      Under Civil L.R. 12(a)(2), Fed. R. Civ. P. 12(a)(2), and in accordance with the standard for APA review, Defendants deny their decision regarding the $240 million in hatchery funding under the Inflation Reduction Act was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

6.      Defendants deny all allegations of violations of federal law contained in Plaintiffs' Complaint Claims for Relief 1-4, that the challenged action violated the IRA, the APA, or breach of trust.

7.      Defendants deny that Plaintiffs are entitled to any of the relief they seek.

8.      Defendants generally deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

9.      Defendants further assert the Court lacks subject matter jurisdiction even if Plaintiffs' claims are purportedly brought under the APA because Plaintiffs' ultimate "goal is that $22 million not be promised or distributed to other tribes . . .."

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT - 3

ECF No. 13 at p. 2 (emphasis added). The Tucker Act precludes relief under the APA or otherwise because the APA's waiver of sovereign immunity is limited to claims "seeking relief other than money damages," 5 U.S.C. § 702, and the APA does not apply "'if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought,'" *Dep't of Educ. v. California*, 145 S. Ct. 966, 968 (2025) (quoting 5 U.S.C. § 702).

10.    Defendants further assert – even if the Court were to conclude that it has subject-matter jurisdiction over Plaintiffs' APA claim – judicial review of the awards is nonetheless unavailable under the APA for the separate threshold reason: an agency's determination of how to allocate appropriated funds among competing priorities and recipients—precisely what Plaintiff challenges here—is classic discretionary agency action. *See Lincoln v. Vigil*, 508 U.S. 182, 193 (1993). Review under the APA therefore is unavailable "if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).

11.    Defendants further assert Plaintiffs failed to join a necessary party required for just adjudication under Federal Rule Civil Procedure 19 since Plaintiffs' goal is to withhold money from other tribal entities that are not parties to this action. ECF No. 13 at p. 2.

12.    Defendants further assert the affirmative defense of failure to state a claim for breach of trust since "'neither the general trust relationship between the

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT - 4

federal government and Indian Tribes nor the mere invocation of trust language in a statute' is enough to create a cause of action for breach of trust." *Cherokee Nation v. Dep't of Interior*, 754 F. Supp. 3d 107, 119 (D.D.C. 2024).

13. Defendants further assert the affirmative defense of mootness because all relevant appropriations have been allocated or exhausted, and there are no future appropriations for this funding source which terminates at the end of the fiscal year.

14. In accordance with the Eastern District of Washington's Civil Rules, this matter should proceed with the Parties' jointly moving for a scheduling order containing agreed-upon due dates for lodging the Administrative Record and summary judgment briefing. See Civil L.R. 16(b).

RESPECTFULLY SUBMITTED:    April 13, 2026.

Todd Blanche
Acting Attorney General

*s/Joseph P. Derrig*
*s/Derek T. Taylor*
Joseph P. Derrig
Derek T. Taylor
Assistant United States Attorneys
Attorneys for United States

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT - 5

*Certificate of Service*

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Marty Raap | marty.raap.ORA@colvilletribes.com |
| Robbi Kesler | rkesler@chehalistribe.org |
| Thomas J. Peckham | tpeckham@nordhauslaw.com |

And to the following non CM/ECF participants:  N/A

*s/Joseph P. Derrig*
Assistant United States Attorney

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT - 6