FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES OF THE COLEVILLE RESERVATION, and CONFEDERATED TRIBES OF THE CHEHALIS RESERVATION,<br><br>     Plaintiffs,<br><br>     v.<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, SECRETARY OF COMMERCE HOWARD LUTNICK, in his official capacity, JENNIFER QUAN, Regional Administrator NOAA Fisheries West Region, in her official capacity, BUREAU OF INDIAN AFFAIRS, and SECRETARY OF THE INTERIOR DOUGLAS BURGUM, in his official capacity,<br><br>     Defendants. | No. 2:26-CV-00061-SAB<br><br>**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION; MOTION FOR RECONSIDERATION** |

**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION; MOTION FOR RECONSIDERATION** *1

Before the Court are Plaintiffs' Motion for Preliminary Injunction, ECF No. 15, Motion for Reconsideration, ECF No. 28, and related Motion to Expedite, ECF No. 29. Plaintiffs are represented by Thomas P. Peckham, Marty M. Raap, and Robbi M. Kesler. Defendants are represented by Joseph P. Derrig and Derek T. Taylor. The Motions were considered without oral argument.

First, a preliminary injunction is only appropriate when it can grant the same relief as what is requested in the operative complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). A request for injunctive relief is moot when a court can no longer grant any effective relief sought in the injunction request. *In Def. of Animals v. U.S. Dep't of Interior*, 648 F.3d 1012, 1013 (9th Cir. 2011). Plaintiffs concede in their Motion for Reconsideration that their Motions for Temporary Restraining Order are moot, as letters awarding the grant funding at issue have already been sent out and the injunctive relief requested is no longer available. Plaintiff's operative complaint and Motion for Preliminary Injunction make the same requests for injunctive relief, so it follows that Plaintiffs' Motion for Preliminary Injunction is also moot.

Next, Plaintiffs request the Court reconsider its prior Order denying their Motions for Temporary Restraining Order, or in the alternative, strike the Order and deny the Motions as moot. Motions for reconsideration are disfavored and are not appropriate if used to revisit issues already addressed by the Court or to advance new arguments that could have been raised in prior briefing. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *American Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration should be granted when a court: (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law. *Kona*, 229 F.3d at 890.

Plaintiffs take issue with the following statement from the Court's prior Order: "According to NOAA, the Plaintiff Tribes do not meet the defined criteria,

**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION; MOTION FOR RECONSIDERATION *2**

which is not disputed by Plaintiffs." Plaintiffs argue they do meet the defined criteria and argued as such in their reply memorandum.

The Court declines to fully reconsider the merits of the Motions for Temporary Restraining Order, as there is no clear error that would change the Court's ultimate determination, or to strike the relevant Order from the record. In the interest of preventing further confusion and re-litigation of the issues, the Court clarifies that NOAA, pursuant to its authority and discretion under the Inflation Reduction Act, set out eligibility standards for grant funding and determined the Plaintiff Tribes were not eligible for funding. Although Plaintiffs assert they meet all of the eligibility criteria, Defendants contend Plaintiffs' connection to the criteria is incidental and not related to the actual goals of the grant funding.

Regardless of the parties' stances on Plaintiffs' eligibility for grant funding, judicial review of agency decision-making is narrow in scope and there is no clear evidence that Defendants acted beyond the discretion afforded to them.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiffs' Motion for Preliminary Injunction, ECF No. 15, is **DENIED as moot**.

2.    Plaintiff's Motion for Reconsideration, ECF No. 28, and related Motion to Expedite, ECF No. 29, are **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 27th day of April 2026.



Stan Bastian
Chief United States District Judge

**ORDER RE: MOTION FOR PRELIMINARY INJUNCTION; MOTION FOR RECONSIDERATION** *3